# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
### CENTRAL DIVISION

UNITED STATES OF AMERICA                                    PLAINTIFF

v.                              No. 4:19-cr-529-DPM

KENNETH WAYNE GILMORE                                       DEFENDANT

### ORDER

1. Gilmore moves to suppress evidence from a search of his home. The material facts are not in dispute; so no hearing is needed.

2. Officers went to Gilmore's home in Jonesboro because of a report of possible drug use and drug sales there. While speaking with Gilmore at the front door, they smelled the odor of marijuana. They then did a protective sweep of the house, got a search warrant, and searched the home. They found the rifle and the pistol that form the basis of the Indictment in this case. Gilmore argues that both the sweep and the later warrant-based search violated the Constitution.

3. The protective sweep was lawful. Before leaving to get a search warrant, officers may check a home to ensure that no one else is present and to prevent destruction of evidence. *United States v. Jansen*, 470 F.3d 762, 765 (8th Cir. 2006). Gilmore hasn't argued or shown that the officers' actions during the first entry exceeded the scope of a lawful protective sweep.

Next, the warrant-based search.  Gilmore argues that the smell of marijuana indicated only "that someone had smoked it, not that it was still there[.]"  *Doc. 27 at 4*.  And he suggests that the plain smell of marijuana doesn't support probable cause when state law allows for the use of medical marijuana.  *Ibid*.  He therefore believes that the warrant issued on less than probable cause.

This argument fails, too.  The warrant here issued based on the report about possible drug use and sales at Gilmore's home, plus the odor of marijuana that the officers smelled while following up on that report.  *Doc. 27-2 at 1*.  Simple possession of marijuana remains illegal under federal law;  and the sale of marijuana by a private person is illegal under both state and federal law.  Further, probable cause doesn't require officers to rule out every possible innocent explanation. *United States v. Perry*, 908 F.3d 1126, 1129–30 (8th Cir. 2018).  Instead, "only the probability, not a prima facie showing, of criminal activity is the standard of probable cause." *Illinois v. Gates*, 462 U.S. 213, 235 (1983).  The facts in the warrant affidavit were, at the very least, sufficient to justify officers' good-faith reliance on the warrant. *United States v. Leon*, 468 U.S. 897, 920–21 (1984).

\*   \*   \*

Neither the protective sweep of Gilmore's home nor the later warrant-based search violated the Constitution.  The motion to suppress, *Doc. 26*, is therefore denied.

- 2 -

So Ordered.

_D.P. Marshall Jr._
United States District Judge

30 September 2020