IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

UNITED STATES OF AMERICA                                    PLAINTIFF

v.                         No. 4:19-cr-529-DPM

KENNETH WAYNE GILMORE
Reg No. 32915-009                                           DEFENDANT

ORDER

Gilmore was convicted of being a felon in possession of a firearm. This Court determined that he was an armed career criminal and sentenced him to the fifteen-year mandatory minimum. Gilmore has filed a §2255 petition to vacate his sentence. A hearing isn't necessary. 28 U.S.C. § 2255(b); *Thomas v. United States*, 737 F.3d 1202, 1206 (8th Cir. 2013); *Winters v. United States*, 716 F.3d 1098, 1103 (8th Cir. 2013).

A couple of preliminary matters. Gilmore filed two motions to amend his petition. To the extent that Gilmore wants to add new grounds for relief, or to tweak his existing arguments, those motions are granted. The Court will consider the arguments made in *Doc. 179* and *Doc. 184*. Any other relief sought in those motions is denied.

Gilmore's other motion, *Doc. 181*, is also granted. The Court has considered *Doc. 106* in its review of the petition to vacate.

\*

Gilmore focuses, as he did at trial and on appeal, on the search of his home.  He believes that law enforcement officers fabricated the search warrant.  His first ground for relief is that Theotis Thompson, his lawyer at trial, was ineffective by not sufficiently challenging that *Leon*'s good faith exception saved the search.  Doc. 178 at 4 & Doc. 179.  Gilmore's fourth ground is that Thompson was ineffective by not requesting a *Franks* hearing.  Doc. 184.  These issues are related, so the Court considers them together.

Thompson fought tooth and nail on the search points.  He filed three motions to suppress, *Doc. 26, 39 & 53*, all of which were denied.  He filed a motion, *Doc. 64*, to reconsider the denial of the third motion.  The Court granted a hearing, which lasted five hours.  *Doc. 121*.  The officers involved in the search all testified including Bryan Bailey, who testified that he obtained the search warrant.  Thompson cross-examined them hard.  It's true that he didn't formally request a *Franks* hearing.\*  But the issue Gilmore wants to press—his belief that Bailey didn't send his affidavit to the Judge who issued the search warrant and that the warrant was fabricated—was fully ventilated at

---

\* The second motion to suppress touched on a potential *Franks* issue.  Doc. 40 at 2-3.  That issue—whether Bailey lied in his affidavit about an informant's tip—is different than the argument Gilmore makes in his petition.  More on the tip later.

the hearing. The Court considered that argument but found that the government had shown by a preponderance of the evidence that the search was valid. *Doc. 121 at 115.* Thompson's performance wasn't deficient. *O'Neil v. United States*, 966 F.3d 764, 770–71 (8th Cir. 2020).

\*

Gilmore's second ground for relief is alleged ineffective assistance by Mark Jesse, his lawyer on appeal. Jesse, acting on Gilmore's behalf, argued that the search warrant lacked probable cause because it was based on the odor of marijuana, and that medical marijuana is legal in Arkansas. The Court of Appeals rejected that argument because the search warrant wasn't based on the smell of marijuana alone but also on an informant's tip that drugs were being used and sold out of the house. *United States v. Gilmore*, 111 F.4th 942, 944 (8th Cir. 2024) (*per curiam*). Gilmore says Jesse should have done more to challenge the tip. He also says that Jesse should have argued that the tip plus the smell of marijuana wasn't enough to establish probable cause. *Doc. 178 at 5.*

Gilmore, then represented by Thompson, challenged the tip in his second motion to suppress. He argued that Gilmore's discovery file didn't contain details about the nature or source of the information. *Doc. 40 at 2-3.* This Court denied the motion, finding that he hadn't "made the substantial preliminary showing required for a *Franks* hearing." *Doc. 41 at 1.* He didn't. *United States v. Randle*, 39 F.4th 533, 537 (8th Cir. 2022). Raising that issue on appeal would have been

-3-

meritless. It isn't ineffective assistance to not make a meritless argument. *Rodriguez v. United States*, 17 F.3d 225, 226 (8th Cir. 1994) (*per curiam*).

As for Gilmore's second argument, the Court of Appeals has rejected it. A tip of illegal drug activity, corroborated by the odor of those drugs, establishes probable cause. *United States v. Clarke*, 564 F.3d 949, 959 (8th Cir. 2009). Jesse's performance wasn't deficient. *Rodriguez*, 17 F.3d at 226.

\*

Gilmore's third ground for relief is his argument that he shouldn't have been sentenced as an armed career criminal. *Doc. 178 at 13–16*. He can make this type of argument in a *habeas* petition. *Raymond v. United States*, 933 F.3d 988, 991–92 (8th Cir. 2019).

The Armed Career Criminal Act creates a fifteen-year mandatory minimum for anyone convicted of being a felon in possession of a firearm who has three prior convictions for a violent felony or serious drug offense committed on occasions different from one another. 18 U.S.C. § 924(e)(1). This Court determined that Gilmore had three such convictions: (1) a 1983 conviction for rape in the Circuit Court of Cook County, Illinois; (2) a 1989 conviction for attempted first degree murder in the Circuit Court of Cook County, Illinois; and (3) a 2003 conviction for second degree battery in the Circuit Court of Craighead County, Arkansas.

Gilmore makes various arguments about why he isn't an armed career criminal.

- **Age of Illinois convictions.** Gilmore says his Illinois convictions are too old to be considered for the purposes of the Armer Career Criminal Act. The Sentencing Guidelines impose a time limit on whether a prior conviction is counted for criminal history points. *See* U.S.S.G. § 4A1.1(a) cmt. n. 1 (2023). The Act does not. There was no error.

- **Double Jeopardy.** Gilmore says that his attempted murder conviction violated his constitutional right against double jeopardy because he was also convicted in that case of a lesser included offense. Gilmore can't make this type of collateral attack on his prior conviction. *Custis v. United States*, 511 U.S. 485, 497 (1994). There was no error.

- **Residual Clause.** Gilmore says that the Court improperly found that his convictions were violent felonies under the residual clause of the Act's definition of violent felony. That's incorrect. His prior convictions are violent felonies under the elements clause. There was no error.

- **Recklessness.** Gilmore says that his attempted murder conviction doesn't count as a violent felony because attempted murder in Illinois can be committed with a *mens rea* of recklessness. That's incorrect. *People v. Trinkle*, 68 Ill. 2d 198, 203, 369 N.E.2d 888, 890 (1977). There was no error.

- **Different Occasions.** Gilmore's final argument is that his Sixth Amendment rights were violated because a jury didn't find that his prior offenses were committed on occasions different than each other. Gilmore was convicted days

before the Supreme Court issued its decision in *Wooden v. United States*, 595 U.S. 360 (2022). He was sentenced before the Court's decision in *Erlinger v. United States*, 602 U.S. 821 (2024). Gilmore admitted that his prior offenses occurred on different occasions by not objecting to the presentence report. *See United States v. Paz*, 411 F.3d 906, 909 (8th Cir. 2005). There was no error. Regardless, any error would be harmless because his offenses occurred years apart and involved different victims. *United States v. Xavior-Smith*, 136 F.4th 1136, 1137 (8th Cir. 2025) (*per curiam*).

Gilmore was properly sentenced as an armed career criminal.

\*

Motion, *Doc. 181*, granted. Motions to amend, *Doc. 179 & 184*, granted as specified. Amended motion to vacate, *Doc. 178*, denied. His lawyers did not perform below the constitutional standard, and his other claim lacks merit. No certificate of appealability will issue. 28 U.S.C. § 2253(c)(1)–(2).

So Ordered.

*[signature]*
D.P. Marshall Jr.
United States District Judge

27 January 2026